70 February 11, 2026 No. 83

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jeremy MONROE,
Tony Howell, Patricia Benner, and Barbara Bull,
*Petitioners,*

*v.*

CITY OF CORVALLIS,
a municipal corporation of the State of Oregon,
*Respondent,*

*and*

HOLLINGSWORTH & VOSE FIBER COMPANY,
a Delaware Corporation,
*Opposing Party.*

Benton County Circuit Court
22CV39960; A188636

Argued and submitted December 15, 2025.

Jesse A. Buss argued the cause for petitioners. Also on the memorandum was Willamette Law Group, PC.

Joshua P. Soper argued the cause for respondent. Also on the memorandum was Beery Elsner & Hammond, LLP.

Samantha K. Sondag argued the cause for opposing party. Also on the memorandum was Amy Edwards, Molly Hooks, and Stoel Rives LLP. Adopting the memorandum was Joshua P. Soper and Beery Elsner & Hammond, LLP for respondent.

Before Egan, Presiding Judge, Lagesen, Judge, and Joyce, Judge.

JOYCE, J.

Referral dismissed.

**JOYCE, J.**

In 2021, Hollingsworth and Vose Fiber Company (H&V) sought and obtained a Land Use Compatibility Statement (LUCS) from the City of Corvallis (the City). Petitioners challenged the issuance of the LUCS, first to the city manager and then to the city council. After those challenges failed, petitioners appealed to the Land Use Board of Appeals (LUBA), which dismissed the appeal for lack of jurisdiction and denied petitioners' motion to transfer the case to circuit court. After we affirmed those rulings without opinion and the Supreme Court denied review, *Monroe v. City of Corvallis*, 322 Or App 614, 519 P3d 900 (2022), *rev den*, 371 Or 21 (2023), petitioners sought to challenge the issuance of the LUCS in circuit court.

Pursuant to ORS 34.102(5), the circuit court issued an order referring questions to this court, asking (1) if the circuit court has or can acquire jurisdiction over petitioners' appeal, and (2) if the state constitution or other sources authorize the circuit court to transfer the case from LUBA to the circuit court. For the reasons that follow, we conclude that ORS 34.102(5) does not apply to the circumstances here, and thus we dismiss the circuit court's order.

## I.    LEGAL FRAMEWORK

We begin with a brief overview of the relevant legal framework that governs appeals to LUBA and transfer from LUBA to the circuit court.

An appeal with LUBA is commenced by filing a notice of intent to appeal (NITA) within 21 days after the challenged decision becomes final. ORS 197.830(9); OAR 661-010-0015(1)(a). LUBA has exclusive jurisdiction over appeals of land use decisions, limited land use decisions, and decisions that have a significant impact on land use. ORS 197.825(1) (providing that LUBA "shall have exclusive jurisdiction to review any land use decision or limited land use decision"); ORS 197.015(10), (12) (defining "[l]and use decision" and "[l]imited land use decision"); *Billington v. Polk County*, 299 Or 471, 480, 703 P2d 232 (1985) (LUBA has jurisdiction over decisions that will have a "significant impact" on present or future land uses).

Under OAR 661-010-0065(2), an opposing party may file a motion to dismiss an appeal for lack of jurisdiction at any time. In the event that LUBA determines that it lacks jurisdiction over an appeal, ORS 34.102(4) provides for transfer of a petitioner's NITA to a circuit court. ORS 34.102(4) (A NITA filed with LUBA that is not reviewable "shall be transferred to the circuit court and treated as a petition for writ of review" if the NITA was filed within the time allowed for filing a petition for writ of review); ORS 34.030 (requiring petition for writ of review to be filed within 60 days from the date of the challenged decision).

However, LUBA will dismiss an appeal if it determines that it does not have jurisdiction to review a challenged decision, and the petitioner did not timely file a motion to transfer the appeal to circuit court. OAR 661-010-0069(1)(c) (providing that LUBA shall dismiss the appeal if it determines that it lacks jurisdiction and a motion to transfer to circuit court has not been filed as provided in subsection (1)(b)); OAR 661-010-0069(1)(b) (a "request for a transfer pursuant to ORS 34.102 shall be initiated by filing a motion to transfer to circuit court not later than 14 days after" the respondent raises a jurisdictional issue; if LUBA raises a jurisdictional issue, a motion to transfer shall be filed not later than 14 days after the date the moving party learns LUBA has raised the issue).[1]

## II.  PROCEDURAL HISTORY

With that legal framework in mind, we provide a summary of the procedural history. As noted above, in 2021 H&V sought and obtained a LUCS from the City, and petitioners unsuccessfully appealed the issuance of the LUCS, first to the city manager and then to the city council.

### A.  *LUBA Proceedings*

On April 11, 2022, petitioners filed a NITA with LUBA, challenging the city council's denial of their appeal, which petitioners claimed became final on March 21, 2022, in a "copy of the minutes adopted by" the city council. *See* ORS 197.830(9) (requirements for filing a NITA). The City

---

[1] We note that those rules were renumbered but not substantively amended. We cite to the current versions.

moved to dismiss the NITA on the basis that LUBA lacked jurisdiction, arguing primarily that the decision was not final because it had not been reduced to writing. *See* ORS 197.015(10)(a)(A) - (B) (defining "[l]and use decision" as a "final decision"); OAR 661-010-0010(3) ("A decision becomes final when it is reduced to writing and bears the necessary signatures of the decision maker(s), unless a local rule or ordinance specifies that the decision becomes final at a later date * * *."). The City also summarily argued that the city council "reviewed an administrative decision (not a land use decision)."

In response, petitioners filed an amended NITA that included a copy of the city council's final written decision, which the city council issued on May 3, 2022, but petitioners did not file a motion to transfer to circuit court. The City objected to the filing of the amended NITA. On August 2, 2022, LUBA issued a final opinion and order dismissing petitioners' appeal after concluding that it lacked jurisdiction "under the LUCS exclusion set out in ORS 197.015(10) (b)(H)." In light of that conclusion, LUBA did not address the City's motion to dismiss or the objection to the filing of the second amended NITA.

On August 5, 2022, petitioners filed a motion with LUBA to transfer the appeal to circuit court, arguing that the motion was timely because LUBA raised the jurisdictional issue under the LUCS exclusion on its own motion, and they learned that LUBA raised the jurisdictional issue when they received the final opinion and order issued on August 2, 2022. *See* OAR 661-010-0069(1)(b) (if LUBA "raises a jurisdictional issue on its own motion, a motion to transfer to circuit court shall be filed not later than 14 days after the date the moving party learns [that LUBA] has raised [the] issue"). In an order denying petitioners' motion to transfer, LUBA stated that it agreed that petitioners' motion was timely because "[p]rior to issuance of our final opinion and order, neither LUBA nor any party to the appeal raised the issue of whether LUBA lacked jurisdiction over the appeal due to the LUCS Exclusion." LUBA concluded, however, that it was required to deny the motion to transfer because it "lacks authority to reconsider its final opinions and orders

after they are issued and become subject to appeal to the Court of Appeals under ORS 197.850." *See Fechtig v. City of Albany*, 27 Or LUBA 648 (1994) (concluding that LUBA does "not have authority to reconsider [its] final opinions and orders, once they are issued").

B.  *Court of Appeals Proceedings*

Petitioners appealed LUBA's final opinion and order and the denial of the motion to transfer, arguing that LUBA erred in concluding that it lacked jurisdiction and in failing to transfer the case to circuit court. We affirmed without opinion, and the Supreme Court denied review. *Monroe*, 322 Or App at 614.

C.  *Circuit Court Proceedings*

In November 2022, petitioners filed, under ORS 34.102(4), a "Motion for Order Transferring Notice of Intent to Appeal from [LUBA]" in the circuit court. *See* ORS 34.102(4) (a NITA filed with LUBA that is not reviewable because LUBA lacks jurisdiction "shall be transferred to the circuit court and treated as a petition for writ of review"). Petitioners argued that "[b]ecause LUBA (as affirmed by the Court of Appeals) found that transfer is appropriate, but that it lacks jurisdiction to transfer the case itself," the circuit court should "exercise its jurisdiction to transfer the case under ORS 34.102(4)."

The City filed a motion to dismiss petitioners' motion to transfer the NITA to the circuit court, arguing, among other things, that the circuit court lacked jurisdiction because ORS 34.102 "requires a petitioner to timely acquire a LUBA order transferring the matter"; the statute does not authorize a circuit court to order LUBA to transfer a case that it has dismissed; and petitioners did not file a timely petition for writ of review under ORS 34.030. *See* ORS 34.030 ("A writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision *** to be reviewed.").

In January 2024, the circuit court issued an order granting petitioners' motion and denying the City's motion to dismiss. The court found that petitioners filed the NITA

with LUBA under ORS 34.102(4) within the time allowed for filing a petition for writ of review, and that "fundamental fairness" imposed upon the court the obligation to transfer the NITA from LUBA. The court ordered that the matter "shall henceforth proceed to resolution via the writ of review procedures ***," and granted leave to petitioners to amend the NITA to be "styled as a Petition for Writ of Review."

In February 2024, petitioners filed a petition for writ of review in the circuit court under ORS 34.030. H&V filed a motion to dismiss and quash, arguing, among other things, that the circuit court lacked jurisdiction because petitioners did not file the petition for writ of review within 60 days from the May 3, 2022, date of the city council's decision. In their response to the motion, petitioners argued that the circuit court had already rejected that argument when the City raised it in its motion to dismiss petitioners' motion to order transfer from LUBA. Petitioners reiterated their argument that because the NITA was timely filed with LUBA, the writ of review proceeding "born out of that NITA is also timely filed" under ORS 34.102(4), and that that statute provides that a NITA that LUBA determines is not reviewable "shall be transferred to the circuit court."

After a hearing on H&V's motion, the circuit court issued an order referring questions to this court under ORS 34.102(5). That statute provides that

"[i]n any case in which the Land Use Board of Appeals or circuit court to which a petition or notice is transferred under subsection (3) or (4) of this section disputes whether it has authority to review the decision with which the petition or notice is concerned, the board or court before which the matter is pending shall refer the [jurisdictional] question *** to the Court of Appeals ***."

ORS 34.102(5). In the order, the circuit court set forth "assumptions" that govern the two questions, including that LUBA dismissed petitioners' appeal *sua sponte* on jurisdictional grounds not raised by any party; that petitioners timely moved LUBA to transfer the case to circuit court under ORS 34.102(4) and OAR 661-010-0069(1)(b); that LUBA dismissed that motion because it lacked authority to transfer the matter to circuit court; that LUBA's decisions

were affirmed without opinion by this court; and that peti-
tioners moved the circuit court to transfer the appeal from
LUBA to the circuit court.

Based on those assumptions, the circuit court
referred the following questions: (1) "[d]oes the circuit court
have, or can it properly acquire, jurisdiction over Petitioners'
appeal?"; and (2) "[d]oes the circuit court have author-
ity under Article I, section 10, of the Oregon Constitution
(the 'remedy clause'), ORS 34.102(4), and/or other sources,
to transfer the case from LUBA to the circuit court on
Petitioners' request?"

## III.  ANALYSIS

As a threshold matter, we must determine whether
we have jurisdiction to address the circuit court's order refer-
ring questions. *See Maloney v. Bryant*, 332 Or App 745, 756,
552 P3d 90 (2024) (explaining that the Court of Appeals has
an independent obligation to consider whether it has juris-
diction). As explained below, ORS 34.102(5) does not apply in
these circumstances and thus we do not have jurisdiction.

As noted above, ORS 34.102(5) provides that

"[i]n any case in which the Land Use Board of Appeals or
circuit court to which a petition or notice *is transferred*
under subsection (3) or (4) of this section disputes whether
it has authority to review the decision ***, the board or
court before which the matter is pending shall refer the
[jurisdictional] question *** to the Court of Appeals ***."[2]

(Emphasis added.) The plain text of that statute limits its
application to cases in which the "petition or notice is trans-
ferred under subsection (3) or (4) of this section," and thus it
would not apply in circumstances in which the case has not
been transferred. *See Alfieri v. Solomon*, 358 Or 383, 392,
365 P3d 99 (2015) (in interpreting a statute, the goal is to
determine the legislature's intent by looking at the statute's

---

[2] Subsection (3) of the statute provides that

"[a] petition for writ of review filed in the circuit court and requesting review
of a land use decision or limited land use decision *** shall be transferred
to [LUBA] and treated as a notice of intent to appeal if the petition was filed
within the time allowed for filing a notice of intent to appeal ***."

ORS 34.102(3). As discussed above, subsection (4) provides for transfer from
LUBA to the circuit court of a NITA.

text, context, and legislative history, and because "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature understood to give expression to its wishes, we begin with the text of the statute" (internal quotation marks omitted)).

We turn to the question of whether the case has been transferred to the circuit court, such that ORS 34.102(5) applies, and we have jurisdiction to address the circuit court's order referring questions. It is undisputed here that LUBA did not transfer the case to the circuit court pursuant to the regulatory framework adopted by LUBA. Petitioners filed a motion to transfer with LUBA, which LUBA denied—a decision that was affirmed by this court.

Thus, the dispute reduces to whether the circuit court had authority to transfer the case from LUBA to itself. Petitioners argue that ORS 34.102(4)—which provides that a NITA filed with LUBA "shall be transferred to the circuit court" when LUBA determines that it lacks jurisdiction—"does not restrict the transfer power to either LUBA or the circuit court, so either entity can order transfer." Petitioners' argument presents a question of statutory interpretation and requires us to determine the legislature's intent by considering the text, context, and any helpful legislative history. *See Alfieri*, 358 Or at 392.

By its plain text, the statute applies to a "notice of intent to appeal filed with the Land Use Board of Appeals pursuant to ORS 197.830" that is "not reviewable as a land use decision or limited land use decision as defined in ORS 197.015." ORS 34.102(4). Thus, ORS 34.102(4) applies when a petitioner initiates a case by filing a NITA with LUBA under the statutory framework that governs LUBA appeals. Within that framework, the legislature directed LUBA to adopt rules governing the conduct of review proceedings brought before it. *See* ORS 197.820(4)(a). And LUBA adopted rules that effectuate a transfer from LUBA to the circuit court pursuant to ORS 34.102(4). OAR 661-010-0069(1)(a) - (c) (rules governing transfer to circuit court); *Maguire v. Clackamas County*, 250 Or App 146, 160, 279 P3d 314 (2012) (concluding that LUBA's implementation of ORS 34.102 through OAR 661-010-0069(1) is lawful).

Petitioners have not pointed to anything in that framework or any other statute that establishes a process for a circuit court to order a transfer from LUBA to itself when a petitioner initiates a case with LUBA. In those circumstances, petitioners' argument that ORS 34.102(4) authorizes a circuit court to order a transfer from LUBA to itself is not supported by the text or context of that statute.

Thus, although the circuit court purported to grant petitioners' motion to order transfer from LUBA to the circuit court under ORS 34.102(4), that ruling had no legal effect.[3] And because LUBA denied petitioners' motion to transfer, the case has not been transferred to the circuit court. Accordingly, ORS 34.102(5) does not apply, and we do not have jurisdiction to address the circuit court's order referring questions.

Referral dismissed.

---

[3] Indeed, one of the circuit court's referred questions—which we necessarily answer in determining whether we have jurisdiction to review the questions—is whether it has authority under 34.102(4) to transfer the case to itself.